IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRILLIANT HOLDING, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. CIV-22-808-SLP |
| § | |
| **COVINGTON SPECIALTY** § | |
| **INSURANCE COMPANY,** § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, Brilliant Holding, LLC, files this Original Complaint and would show:

### PARTIES

1. Plaintiff, Brilliant Holding, LLC. is an Oklahoma Limited Liability Corporation with its principal place of business in Paoli, Oklahoma. The real and personal property that are the subject of this lawsuit are located in Pauls Valley, Oklahoma.

2. Defendant, Covington Specialty Insurance Company ("Covington"), is a New Hampshire Corporation doing business in Oklahoma, with its principal place of business located at 945 East Paces Ferry Rd NE, Atlanta, GA 30326. Covington can be served with process by serving the Senior Claims Officer of RSUI Group, Inc., 945 East Paces Ferry Road, Suite 1800, Atlanta, GA 30326-1160, or his designee or through the Oklahoma Insurance Commissioner pursuant to 36 Okla. Stat. § 621.

### JURISDICTION AND VENUE

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Brilliant Holding, LLC is a citizen of Oklahoma. Covington is a citizen of New

Hampshire. An actual controversy exists which arises from damage to Brilliant Holding's real and personal property in Pauls Valley, Oklahoma. The matter in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

3. Brilliant Holding and Covington entered into an insurance contract identified as Policy VBA724625 00 (the "Policy"). The Policy covered, among other causes of loss, hail losses which occurred during the coverage period, from October 4, 2019 to October 4, 2020. The Property located at 1900 Enterprise Blvd., Pauls Valley, OK 73075 was insured under the Policy. The Policy provides, in relevant part:

> **A. Coverage**
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **A. Covered Causes Of Loss**
> When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.
>
> **B. Exclusions**
> **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
> …
> d.(1) Wear and tear;
> …
> But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.
>
> **LIMITATIONS ON COVERAGE FOR ROOF SURFACING – COSMETIC DAMAGE**
>
> A. The following applies with respect to loss or damage caused by **Windstorm and/or Hail** to a building or structure identified in the Declarations Page.

> We will not pay for the cosmetic damage to "roof surfacing" caused by Windstorm and/or Hail. For the purpose of this endorsement, cosmetic damage means that the windstorm and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.
>
> B. For the purpose of this endorsement, "roof surfacing" refers to shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all material used in securing the roof surface and all materials applied to or under the roof surface for moisture protections, as well as roof flashing.

4. On May 4, 2020, the Property was damaged due to a hailstorm. Plaintiff timely reported the loss and Covington opened a claim, identified as Claim Number 7030150950.

5. As part of its claims investigation, Covington determined that the Property had been subject to 1.4" diameter hail on May 4, 2020. Covington also determined that the hail had "fractured the elastomeric coating" and "dent[ed] the ribs and pans" as well as the longitudinal lap seams of the metal roofing system.

6. On March 9, 2021, Covington sent a coverage letter denying coverage for the roofing damage and stating that "The Engineer's inspection found cosmetic impacts to the roof and damage caused by inadequate maintenance as well as general wear and tear." Covington's engineer performed no testing or scientific analysis, included no photos of the damage, and identified no objective or industry specific standard for purposes of his conclusions.

7. Even though Covington maintains the burden of proof to show the applicability of an exclusion to the Policy under Oklahoma law, Covington has presented no scientific evidence in support of its defense to coverage. In fact, Defendant's admission that the elastomeric coating was fractured directly contradicts the applicability of the Cosmetic Damage Exclusion, since the coating is no longer operating as intended and therefore, is no longer extending the life of the metal roofing system.

8. On July 6, 2022, Covington sent a follow-up letter admitting that the damage to the elastomeric coating was functional damage and agreeing to issue payment for its replacement. However, Covington continued to incorrectly argue, without scientific basis, that the "dents, indentations, and disengaged lap seams on the metal walls and metal roofs at the subject buildings were cosmetic damage caused by hail..." Covington has refused to provide any scientific basis for its opinions, including metallurgical testing, water intrusion analysis, or thermographic testing to confirm its conclusory opinions in support of its burden of proof to show the applicability of the exclusion. Covington continues to refuse to issue payment in breach of the Policy and its common law duties.

9. Additionally, Covington's determination and notification that the claim was outside of policy coverage did not comply with the deadlines for an insurer completing its investigation as required by *Okla. Stat. tit. 36§1250.7* and *Okla. Admin Code §365:15-3-7*.

## CAUSES OF ACTION

10. **Breach of Contract.** Brilliant Holding incorporates the allegations of paragraphs 5-9 the same as if fully set forth herein. Brilliant Holding and Covington entered into an insurance contract identified as the Policy. Brilliant Holding complied with all provisions of the insurance policy, including but not limited to payment of the premiums, timely notice of the loss, and all applicable conditions precedent. Covington breached a material provision of the contract by refusing to pay replacement cost and actual cash value damages owed under the Policy after a Covered Cause of Loss. Brilliant Holding was damaged by Covington's breach.

11. **Breach of the Duty of Good Faith and Fair Dealing.** Brilliant Holding incorporates the allegations of paragraphs 5-9 the same as if fully set forth herein. Covington's refusal to pay the claim was unreasonable under the circumstances because: (1) Covington did not perform a proper

investigation; (2) Covington did not evaluate the results of the investigation properly; and/or (3) Covington had no reasonable basis for its refusal to issue the claimed payment. Covington did not deal fairly and in good faith with Brilliant Holding. The violation of Covington's duty of good faith and fair dealing was the direct cause of the damages sustained by and sought to be recovered in this action.

12. Pursuant to 23 Okla. Stat. § 23-9.1B Punitive Damages, Covington recklessly, or alternatively, intentionally and with malice, disregarded its duty to deal fairly with Brilliant Holding and is liable for punitive damages. Upon information and belief, Brilliant Holding alleges that the actions of Covington were not isolated events but were consistent with approved company-wide practices or policies which reward and encourage systematic underpayment, delay, and denial of covered claims.

13. **Section 3629 Liability.** Covington failed to submit a written offer of settlement within 90 days of receipt of information sufficient to establish proof of the loss, which occurred at the latest on March 9, 2021. Plaintiff is entitled to its costs and attorney's fees as a prevailing party. Defendant has made no written offer of settlement.

## JURY DEMAND

14. **Jury Demand.** Brilliant Holding demands a jury.

## PRAYER

15. Brilliant Holding prays that Covington be cited to appear and answer herein and upon hearing that Brilliant Holding recover judgment against Covington for the following:

    a. Actual damages;

    b. Attorney's fees for services rendered and that are allowed by law;

    c. Post-judgment interest and costs;

    d. Exemplary and punitive damages as allowed by law;

e.  Penalties and interest as allowed by law; and

f.  All other relief to which Plaintiff may show itself entitled in law or in equity.

       Respectfully Submitted,

*/s/ Benjamin D. Doyle*
BENJAMIN D. DOYLE
Okla. State Bar No.: 33346
**STOCKARD, JOHNSTON, BROWN, NETARDUS & DOYLE, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**